USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _11-25-14_

Page 2

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District Southern District NY |
|---|---|

| Name (under which you were convicted): Fotios Geas | Docket or Case No.: S5 09-cr-1239(PKC) |
|---|---|

| Place of Confinement: U.S.P. Hazelton | Prisoner No.: 05244-748 |
|---|---|

UNITED STATES OF AMERICA
Fotios Geas
& All Associated Co-Defendants  v. United States of America

Movant (include name under which you were convicted)

## MOTION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging: _____
United States District Court for the Southern District of NY

    (b) Criminal docket or case number (if you know): S5 09-cr-1239(PKC)

2.  (a) Date of the judgment of conviction (if you know): April 1, 2011

    (b) Date of sentencing: Sept. 12, 2011

3.  Length of sentence: Counts 1,2,4,5-life; counts 6-7-20yrs; $120,000 Forrfeit

4.  Nature of crime (all counts): Count 1-1962(c) Rack. Consp; count 2-Rack. 1961(1)-(5) count 4-murder in aid of Rack. 1959(b)(2); count 5-murder in aid of Rack. 1959(b)(2); count 6-extorion 1951(b)(3); count 7-Interstate Travel in aid of Rack. 1952(2)

5.  (a) What was your plea? (Check one)

    (1) Not guilty ☒    (2) Guilty ☐    (3) Nolo contendere (no contest) ☐

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? _____

6.  If you went to trial, what kind of trial did you have? (Check one)    Jury ☒    Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?        Yes ☒        No ☐

8. Did you appeal from the judgment of conviction?        Yes ☒        No ☐

9. If you did appeal, answer the following:

(a) Name of court: U.S. Court of Appeals, Second Cir.

(b) Docket or case number (if you know): 11-3822-cr(CON); 11-4049-cr(CON)

(c) Result: conviction and sentence confirmed

(d) Date of result (if you know): _____

(e) Citation to the case (if you know): _____

(f) Grounds raised: court erred denying motion to cont. trial; court erred refusing Brady and Giglio material; erred in allowing Weissman to testify as expert wit.; government failed to prove consp. to murder Manzi; abused descretion when impanelling anonymous jury

(g) Did you file a petition for certiorari in the United States Supreme Court?        Yes ☐        No ☒

If "Yes," answer the following:

(1) Docket or case number (if you know): N/A

(2) Result: N/A

(3) Date of result (if you know): N/A

(4) Citation to the case (if you know): N/A

(5) Grounds raised: N/A

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

Yes ☐        No ☒

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: N/A

(2) Docket or case number (if you know): N/A

(3) Date of filing (if you know): N/A

(4) Nature of the proceeding: _____ N/A _____

(5) Grounds raised: _____ N/A _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ❑  No ❑

(7) Result: _____ N/A _____

(8) Date of result (if you know): _____ _____ N/A _____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: _____ N/A _____

(2) Docket or case number (if you know): _____ N/A _____

(3) Date of filing (if you know): _____ _____ N/A _____

(4) Nature of the proceeding: _____ N/A _____

(5) Grounds raised: _____ N/A _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ❑  No ❑

(7) Result: _____ N/A _____

(8) Date of result (if you know): _____ _____ N/A _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:      Yes ❑  No ❑

(2) Second petition:   Yes ❑  No ❑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: _____N/A_____

_____

_____

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

GROUND ONE: _Due Process violation: District Court violated Due Process_ _when determining the forfeiture amount of $120,000._____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _The district cour tdeterminied the amount of forteiture in this case_ _in violation of the due process clause._ _Forfeiture amount is a matter_ _for the jury to determine._____

_____

_____

_____

_____

_____

_____

_____

_____

(b) Direct Appeal of Ground One:

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑   No ☒

    (2) If you did not raise this issue in your direct appeal, explain why: _Due process is a_ _constitutional violation._ _Direct appeals are for trial errors, where_ _28 U.S.C. §2255 is a civil remedy used to address constitutional claims_

(c) Post-Conviction Proceedings:

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑   No ☒

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _this petition is Petitioner's first post-conviction_ motion

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue: _____

_____

_____

_____

GROUND TWO: <u>Ineffective assistance of trial counsel in violation of</u>
<u>the Sixth Amendment</u>

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):
The trial court denied Petitioner's motion for a continuence for trial.
It was well established on the record that discovery material was voluminous
and that neither trial counsel, nor Petitioner, had ample time to review
all the material in time to properly prepare for trial  This denial has
amounted to ineffective assistance of counsel because due to the limited
time allowed to review all of the material, counsle could not possibly be
properly prepared, rendering him ineffective.

_____

_____

_____

**(b) Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

      Yes ☒   No ☐

    (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

**(c) Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

      Yes ☐   No ☐

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _____

_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

    (3) Did you receive a hearing on your motion, petition, or application?

      Yes ☐   No ☐

    (4) Did you appeal from the denial of your motion, petition, or application?

      Yes ☐   No ☐

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

      Yes ☐   No ☐

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

Page 8

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____


GROUND THREE: <u>Denial of fair Trial in violation of the Sixth Amendment</u>

_____

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):
<u>By denying the continuance, the trial court violated the Petitioner's</u>
<u>Sixth Amendment right to a fair trial</u> because neither he, nor his
trial attorney could prepare for the trial properly.

_____

_____

_____

_____

_____

_____

(b) Direct Appeal of Ground Three:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☒   No ☐

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☐

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

GROUND FOUR: The uncharged murders in aid of racketeering violate the Sixth Amendment right to be charged, and are used overbroadly in trial

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The Sixth Amendment guarantees all defendants the right to be properly charged in the indicment with all elements of a crime. The "in aid of racketeering" language circumvents a defendant's right to be charge by indictment of all elements constituting an offense.

_____

_____

_____

_____

(b)  Direct Appeal of Ground Four:

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑  No ☒

    (2) If you did not raise this issue in your direct appeal, explain why:  __Appointed Appeals__ __counsel did not pursue this ground, plus, double jeopardy is an__ __issue appropriately raised on collateral review.__

(c)  Post-Conviction Proceedings:

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑  No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑  No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑  No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑  No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

Addition Grounds on Attached Page

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: Grounds 1, 4, 5, 7, and 9 were not raised on direct appeal because these are all grounds based on constitutional grounds, which are more appropriately raised on §2255, and some of them could not have been raised until after the direct appeal was completed. _____

_____

_____

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?      Yes ❑   No ☒
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

_____

_____

_____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: __Fred Cohn_____

(b) At arraignment and plea: Fred Cohn_____

(c) At trial: _Fred Cohn_____

(d) At sentencing: Fred Cohn_____

_____

GROUNDS   CONTINUED:

Ground Five: Counts Six and seven  of the indictment were not properly charge in the indictment in violation of the Sixth Amendment

Counts six and seven charge, count 6 extortion of persons of a business, and count 7 interstate travel in aid of racketeering.  Count 6 was flawed for failure to identify a victim; and count seven did not identify what facility or business was utilized to perpetrate interstate travel in aid of racketeering.  this is in violation of the Sixth Amendment's guarantee to be properly charged and informed about the nature of the offense in the indictment. (This was not raised on Direct Appeal)


Ground Six:  The Court violated Petitioner's Sixth and Fourteenth Amendment when denying Petitioner transcripts from the ex parte hearing in violation of Brady and Giglio.

This issue was raised in Direct Appeal

Ground Seven: Ineffective assistance of appeals counsel in violation of the Sixth Amendment.

Appeals counsel misrepresented himself in regards to his experience with RICO cases.  He assured Petititioner that he had 500 RICO cases in his resume, when, in fact, counsel had only approximately 70 cases of RICO in his resume which shows that appeals counsel grossly misrepresented himself to the Petitioner.

Appeals counsel was also ineffective in that he failed to file a re-hearing en banc once the Circuit Court affirmed the conviction and sentence.  This act led to Petitioner not being able to have the benefit of a full panel to review his issues, and, throughout the entirety of the Direct Appeals proceedings, Appeals Counsel adopted the issue of all of Petitioner's co-appellants, but once the circuit affirmed, appeals counsel abandoned Petitioner, which interfered with his ability to continue to adopt his co-appellants' issue, whom were being represented by retained counsel.

Appeal counsel was ineffective for failing to participate in Oral Argument on behalf of his client.

This issue was not raised during Direct appeal because ineffective claims are more appropriately raised during 2255 proceedings, and the issue could not have been addressed at any earlier time.


Ground Eight: Ineffective assistance of trial counsel in violation of the Sixth Amendment.

Trial counsel failed to present an offered guilty plea from the government, and improperly advised his client to go to trial rather than accept any guilty plea.  Petitioner was a low level associate, and had no decisionmaking power, tiral attorney's duty was to ensure the best outcome for his client as the case demanded.  This is in violation of Lafler v. Cooper and Missouri v. Fry.

(e) On appeal: <u>Ryan Thomas Truskoski, Esq.</u>

(f) In any post-conviction proceeding: _____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?      Yes ☒ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?      Yes ☐ No ☒

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future: _____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐   No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.* This Petition is being filed within the statutory limits of 28 U.S.C. §2255

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: <u>vacate, set-aside, or</u> <u>correct sentence, and/or schedule an evidentiary hearing</u>

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on <u>11/17/14</u> _____ (month, date, year).

Executed (signed) on <u>11/17/14</u> (date).

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion. _____

_____

_____

### IN FORMA PAUPERIS DECLARATION

_____
[Insert appropriate court]

* * * * *